# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAMMY HANDEVIDT,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:12-cv-418-Orl-31TBS**

**WELLS FARGO BANK, N.A.,**

                **Defendant.**

_____/

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 18) filed by the Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), and the response (Doc. 27) filed by the Plaintiff, Tammy Handevidt ("Handevidt").

**I.**      **Background**

The following information is taken from the Complaint (Doc. 1) and is accepted as true for purposes of resolving this motion.  In 2003 Handevidt, then employed by Wachovia Corporation ("Wachovia"), went on disability leave.  She has not returned to work.  According to the Summary Plan Description ("SPD") for the Wachovia disability plans in effect when Handevidt began her disability leave, she is entitled to receive certain medical, dental, and other benefits.  For ease of reference, those benefits will hereinafter be referred to as the "SPD Benefits".

On December 31, 2008, Wachovia merged with Wells Fargo & Company and all Wachovia employees, including Handevidt, became employees of Wells Fargo.  On September 30, 2010, Wells Fargo notified her that, as of January 1, 2011, Wells Fargo's Extended Absence

Policy would apply to her. Under the Extended Absence Policy, Handevidt's employment with Wells Fargo would be terminated as of January 1, 2013. As a consequence of that termination, Handevidt would lose her entitlement to the SPD Benefits. On March 12, 2012, Handevidt filed the instant suit, seeking a declaration that she will remain entitled to receive the SPD Benefits after January 1, 2013.

## II.  Analysis

Wells Fargo seeks dismissal of this ERISA case under Rule 12(b)(1) and Rule 12(b)(6). Initially, Wells Fargo argues that this Court lacks jurisdiction in that Handevidt's claim is not yet ripe because she has not been denied any benefits. However, ERISA permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the plan, to enforce his rights under the terms of the plan, *or to clarify his rights to future benefits under the terms of the plan*." 29 U.S.C. § 1132 (emphasis added).

Wells Fargo makes two arguments that Handevidt has failed to state a claim for relief. First, the company contends that the ERISA plan documents themselves do not give Handevidt the right to continue to receive the SPD Benefits, and an SPD cannot confer benefits that are not set out in the underlying plan documents. This is not entirely accurate. The United States Court of Appeals for the Eleventh Circuit has held that where an SPD conflicts with the underlying plan documents, and the plan participant can show reliance on the conflicting provision, the participant may enforce the terms of the SPD over the terms of the plan. *See Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1341-42 (11th Cir. 2006). However, Handevidt has not alleged reliance on any conflicting provision of the SPD. Therefore the Court finds that she has failed to state a claim. Moreover, as Wells Fargo points out, "Employers or other plan sponsors

are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Curtis-Wright Corporation v. Schoonejongen*, 115 U.S. 73, 78 (1995). In addition, the SPD in this case contains an explicit reservation of those rights:

> Wachovia Corporation reserves the right to amend, modify, or terminate these plans at any time for current and/or future participants; no provision in this STD Summary and LTD Summary Plan Description shall grant a vested or guaranteed right to any future benefit.

(Doc. 1-2 at 3). This language is also fatal to Handevidt's claim, at least as that claim is currently set forth.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 18) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Should the Plaintiff wish to file an amended complaint, she must do so on or before August 9, 2012.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 27, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party